UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| Patricia Donadio, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Bayer Healthcare LLC,<br><br>Defendant | 6:22-cv-06521<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges on information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Bayer Healthcare LLC ("Defendant") manufactures, markets, labels and sells mix-in powder packets under the Alka-Seltzer Plus brand promoted as for "Severe Cold & Flu" to be used in the evenings and containing "Honey [and] Lemon Zest" ("Product").



2. The label describes the Product as suitable to be consumed at night for a "Severe Cold & Flu," identifying the relevant symptoms as "Nasal Congestion," "Headache," "Sore Throat," "Body Ache," "Cough," "Runny Nose" and "Fever," while disclosing its active ingredients and their functions.

I.  CONSUMER INTEREST IN MORE NATURAL MEDICINES

3. Recent studies indicate that consumers are increasingly purchasing nontraditional over-the-counter ("OTC") medications when it comes to relief for colds and coughs.

4. This is confirmed by the growth in the market for natural and homeopathic OTC products, expected to reach $4.5 billion by 2024 from $3.1 billion this year.

5. Some of the larger companies in this space include Zarbee's Naturals, recently bought by Johnson & Johnson, and Hyland's.

6. The reasons for this shift are several.

7. First, according to a consumer survey by Mintel, 37% of respondents said traditional OTC products posed safety risks and could cause unwanted side effects.

8. Second, almost 60% believed natural ingredients in this emerging class of products are equally, if not more effective, in treating cold and coughs.

9. Third, younger purchasers are more likely to seek OTC products without long and complicated lists of ingredients, including synthetic components and additives.

10. Fourth, many OTC purchasers believe traditional products merely suppress symptoms, while natural and homeopathic varieties work in concert with the body's healing mechanisms.

11. Fifth, the coronavirus pandemic has made consumers more future-oriented in terms of the cold and cough OTC products they are seeking, and desire products which emphasize an

immune support component.

12. Notwithstanding the front label disclosure of the active ingredients, the labeling appeals to consumers seeking more natural OTC products, through the wedge of fresh lemon and a dripping honey dipper, described as "Honey [and] Lemon Zest," next to a cup of steaming tea.

13. Based on the labeling, consumers will expect the Product contains honey and lemon ingredients, in the form of "honey" and "lemon zest," the outermost layer of the peel and that these ingredients provide some therapeutic benefit in addition to the identified active ingredients.

14. However, the active and inactive ingredient lists reveal the absence of honey and lemon zest.

| Active ingredients (in each packet) | Purposes |
|---|---|
| Acetaminophen 650 mg | Pain reliever/fever reducer |
| Dextromethorphan hydrobromide 20 mg | Cough suppressant |
| Doxylamine succinate 12.5 mg | Antihistamine |
| Phenylephrine hydrochloride 10 mg | Nasal decongestant |

| Active ingredients (in each packet) | Purposes |
|---|---|
| Acetaminophen 650 mg | Pain reliever/fever reducer |
| Dextromethorphan hydrobromide 20 mg | Cough suppressant |
| Doxylamine succinate 12.5 mg | Antihistamine |
| Phenylephrine hydrochloride 10 mg | Nasal decongestant |

**Inactive ingredients** acesulfame potassium, anhydrous citric acid, compressible sugar, D&C yellow #10, dental-type silica, FD&C red #40, flavors, pregelatinized starch, sodium citrate, sucralose, tartaric acid, tribasic calcium phosphate

**Inactive ingredients** acesulfame potassium, anhydrous citric acid, compressible sugar, D&C yellow #10, dental-type silica, FD&C red #40, flavors, pregelatinized starch, sodium citrate, sucralose, tartaric acid, tribasic calcium phosphate

15. Nevertheless, despite the recent growth in the OTC natural products category, no credible evidence or studies support the notion that either honey or lemon are effective in treating

or reducing the severity and duration of colds, coughs, and the other symptoms identified.

16. Though consumers increasingly seek immunity benefits from OTC products and look for the presence of added vitamin C, no evidence or studies support a connection between vitamin C and immunity.

17. While the label does not explicitly promote added vitamin C, consumers viewing the lemon wedge and reading "Lemon Zest" will understand these references as implying the Product contains vitamin C which will improve their health and immunity.

18. As a result of the false and misleading representations, the Product is sold for a premium price of not less than $8.99 for six packets, excluding tax and sales, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

## Jurisdiction and Venue

19. Jurisdiction is pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

20. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

21. Plaintiff is a citizen of New York.

22. Defendant is a Delaware limited liability company with a principal place of business in Whippany, New Jersey, Morris County.

23. The member of Defendant is Bayer Corporation, an Indiana corporation with a principal place of business in Pittsburgh, Pennsylvania, Allegheny County.

24. Defendant is a citizen of Indiana and Pennsylvania.

25. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

26. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold for several years with the representations described here, from thousands of locations including grocery stores, big box stores, drug stores, convenience stores, club stores and online, across the States covered by Plaintiff's proposed classes.

27. Venue is in this District with assignment to the Rochester Division because a substantial part of the events or omissions giving rise to these claims occurred in Ontario County, including Plaintiff's purchase and/or use of the Product and awareness and/or experiences of and with the issues described here.

## Parties

28. Plaintiff Patricia Donadio is a citizen of Farmington, Ontario County, New York.

29. Defendant Bayer Healthcare LLC is a Delaware limited liability company with a principal place of business in Whippany, New Jersey, Morris County.

30. Defendant manufactures products under the Alka-Seltzer brand, one of the most well-known and respected names in the OTC industry.

31. Plaintiff purchased the Product at locations including Walmart, 441 Commerce Dr, Victor, NY 14564, between November 2021 and November 2022, among other times.

32. Plaintiff read the words on the front label including honey and lemon zest and saw the images and believed the Product contained honey and lemon ingredients and that these provided a therapeutic benefit in addition to the identified active ingredients.

33. Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print

marketing.

34. Plaintiff bought the Product at or exceeding the above-referenced price.

35. Plaintiff paid more for the Product than she would have had she known the representations and omissions were false and misleading, or would not have purchased it.

36. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

## Class Allegations

37. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Iowa, Kansas, New Mexico, Utah, Idaho, North Dakota, West Virginia, Texas, Montana, Mississippi and Arkansas who purchased the Product during the statutes of limitations for each cause of action alleged.

38. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

39. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

40. Plaintiff is an adequate representative because her interests do not conflict with other members.

41. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

42. Individual actions would risk inconsistent results, be repetitive and are impractical

to justify, as the claims are modest relative to the scope of the harm.

43. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

### New York General Business Law ("GBL") §§ 349 and 350

44. Plaintiff incorporates by reference all preceding paragraphs.

45. Plaintiff believed the Product contained honey and lemon ingredients and that these provided a therapeutic benefit in addition to the identified active ingredients.

46. Defendant's false, misleading and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

47. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

48. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

49. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

50. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

### Breaches of Express Warranty,
### Implied Warranty of Merchantability/Fitness for a Particular Purpose
### and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

51. The Product was manufactured, identified, marketed and sold by Defendant and

expressly and impliedly warranted to Plaintiff that it contained honey and lemon ingredients and that these provided a therapeutic benefit in addition to the identified active ingredients.

52. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

53. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires, a product containing honey and lemon ingredients and that these provided a therapeutic benefit in addition to the identified active ingredients.

54. Defendant's representations were conveyed in writing and promised the Product would be defect-free, and Plaintiff understood this meant it contained honey and lemon ingredients and that these provided a therapeutic benefit in addition to the identified active ingredients.

55. Defendant's representations affirmed and promised that the Product contained honey and lemon ingredients and that these provided a therapeutic benefit in addition to the identified active ingredients.

56. Defendant described the Product as containing honey and lemon ingredients and that these ingredients provided a therapeutic benefit in addition to the identified active ingredients, which became part of the basis of the bargain that it would conform to its affirmations and promises.

57. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

58. This duty is based on Defendant's outsized role in the market for OTC products, as custodian of the recognized and trusted Alka-Seltzer brand.

59. Plaintiff recently became aware of the Product's breach of its warranties, and has provided or provides notice to Defendant, its agents, representatives, retailers, and their employees of this breach.

60. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

61. The Product did not conform to its affirmations of fact and promises due to Defendant's actions, as it did not contain honey and lemon ingredients nor could such ingredients provide any therapeutic benefit.

62. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to its promises or affirmations of fact made on the packaging, container or label, because it was marketed as if it contained honey and lemon ingredients and that these provided a therapeutic benefit in addition to the identified active ingredients.

63. The Product was not merchantable because Defendant had reason to know the particular purpose for which it was bought by Plaintiff, because she expected it contained honey and lemon ingredients and that these provided a therapeutic benefit in addition to the identified active ingredients, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

<u>Fraud</u>

64. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained honey and lemon ingredients, and that these provided a therapeutic benefit in addition to the identified active ingredients.

65. However, the Product did not contain honey or lemon ingredients, and no credible evidence supports a connection of either to the identified symptoms and with enhancing immunity.

## Unjust Enrichment

66. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;
2. Awarding monetary, statutory and/or punitive damages and interest;
3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and
4. Other and further relief as the Court deems just and proper.

Dated:   November 21, 2022

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com